UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH I. NAPOLEON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES AUTOMOBILE ASSOCIATION, and USAA LIFE INSURANCE COMPANY,<br><br>Defendants. | No. 2:21-cv-01259-TLN-AC<br><br><br>**ORDER** |

This matter is before the Court on Plaintiff Judith I. Napoleon's ("Plaintiff") Motion to Remand.  (ECF No. 10.)  Defendant USAA Life Insurance ("USAA Life") filed an opposition. (ECF No. 14.)  Defendant United States Automobile Association ("USAA") did not file an opposition.  Plaintiff filed a reply.  (ECF No. 15.)  For the reasons set forth below, the Court GRANTS Plaintiff's motion.

///

///

///

///

///

///

1

1          **I.      FACTUAL AND PROCEDURAL BACKGROUND**

2          Plaintiff initiated this action on June 2, 2021, in El Dorado County Superior Court.  (ECF

3  No. 1 at 12.)  Plaintiff alleges that following the death of her husband, USAA Life refused to

4  provide the agreed upon death benefits pursuant to her husband's life insurance contract.  (*Id.* at

5  13–14.)  Plaintiff brings claims against USAA Life and USAA for breach of the implied covenant

6  of good faith and fair dealing and breach of contract.  (*Id.* at 12.)

7          Plaintiff contends USAA is a domiciliary of California and set the claims handling

8  policies and procedures implemented by USAA Life and imposed when her claims were denied.

9  (*Id.* at 15.)  Plaintiff maintains that USAA is "empowered to exchange insurance contracts for all

10 subscribers of USAA Life . . . and is deemed to be a party to each such insurance policy issued."

11 (*Id.*)  According to Plaintiff, USAA Life is a corporation that is authorized to do business in

12 California and is a subsidiary of USAA.  (*Id.*)

13         USAA Life filed a notice of removal in this action on July 16, 2021, arguing that complete

14 diversity exists between Plaintiff, a citizen of California, and USAA Life, a Texas corporation.

15 (*Id.* at 2.)  USAA Life argued that "USAA should be disregarded for purposes of removal"

16 because it was "fraudulently joined."  (*Id.* at 3.)

17         Plaintiff now brings the instant motion to remand arguing the parties are not diverse as

18 USAA is a domiciliary of California.  (ECF No. 10 at 2.)

19         **II.     STANDARD OF LAW**

20         A civil action brought in state court, over which the district court has original jurisdiction,

21 may be removed by the defendant to federal court in the judicial district and division in which the

22 state court action is pending.  28 U.S.C. § 1441(a).  The district court has jurisdiction over civil

23 actions between citizens of different states in which the alleged damages exceed $75,000.  28

24 U.S.C. § 1332(a)(1).  Removal based on diversity requires that the citizenship of each plaintiff be

25 diverse from the citizenship of each defendant (i.e., complete diversity).  *Caterpillar Inc. v.*

26 *Lewis*, 519 U.S. 61, 68 (1996).  For purposes of diversity, a corporation is a citizen of any state in

27 which it is incorporated and any state in which it maintains its principal place of business.  28

28 U.S.C. § 1332(c)(1).  An individual defendant's citizenship is determined by the state in which

they are domiciled. *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1292 (S.D. Cal. 2014).

"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction — typically the defendant in the substantive dispute — has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). "The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id*. (citation omitted). "This gives rise to a 'strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper.'" *Id*. (citation omitted).

### III.   ANALYSIS

In moving to remand, Plaintiff argues there is not complete diversity because Plaintiff and USAA are citizens of California. (ECF No. 10 at 8.)  In opposition, USAA Life argues the Court should disregard USAA's citizenship because Plaintiff fraudulently joined USAA to defeat diversity. (ECF No. 14 at 6.)

"[D]istrict courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). However, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id*. (citation omitted).  Fraudulent joinder may be established by showing either: "(1) actual fraud in the pleading of jurisdictional facts[;] or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.*  Proving the second theory requires a defendant to show that an "individual joined in the action cannot be liable on any theory." *Id.* (citation omitted).  "[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id.* (citation and internal quotation marks omitted) (emphasis in original).

/ / /

3

USAA Life argues Plaintiff fails to state a viable cause of action against USAA for two reasons: (1) USAA is not a party to the contract; and (2) Plaintiff only alleges conduct typical of a parent-subsidiary relationship.  (ECF No. 14 at 7–16.)

USAA Life has not persuaded the Court that there is *no possibility* Plaintiffs can bring a viable claim against USAA.  *See Grancare, LLC*, 889 F.3d at 548 ("We have upheld rulings of fraudulent joinder where a . . . defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on her claims against the allegedly fraudulently joined defendant.").

USAA Life's first argument fails as Plaintiff alleges in the Complaint that USAA is "deemed to be a party to [the] policy."  (ECF No. 1 at 15.)  Plaintiff's Complaint outlines numerous allegations that could implicate USAA's liability including that USAA "provides management and administrative services" and "totally and completely control[s] the conduct . . . of USAA Life . . . including providing pre-authorization and subsequent ratification for the conduct, acts and omissions of USAA Life."  (*Id.* at 16.)  Although Plaintiff's allegations may in fact be insufficient to state a plausible claim for relief, "merely showing that an action is likely to be dismissed against that defendant does not demonstrate fraudulent joinder."  *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998).  Moreover, USAA Life's attempts to refute Plaintiff's allegations are unavailing.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."  *Id.* (citation omitted).  Further, USAA Life has not persuaded the Court that any purported deficiencies in the pleading cannot possibly be cured by granting leave to amend.  *See Grancare, LLC*, 889 F.3d at 550.

The Court is also not persuaded by USAA Life's second argument that USAA was fraudulently joined because there is an alleged parent-subsidiary relationship.  As Plaintiff asserts, even if USAA did not "issue" the policy, it can be sued under California law.  *See Delos v. Farmers Group, Inc.*, 93 Cal. App. 3d 642, 653 (1979); *Tran v. Farmers Group, Inc.*, 104 Cal. App. 4th 1202, 1213, 1218–20 (affirming holding in *Delos* that a bad faith claim can be brought against a non-issuing party); *Sturm v. United Services Auto Ass'n*, No. C 12-01810 WHA, 2012

WL 2135356, *7 (N.D. Cal. Jun. 12, 2012) (finding USAA and USAA Life's removal was improper for lack of complete diversity); *Swete v. Pro. Bureau of Collections of Maryland, Inc.*, No. 2:09-CV-2099 FCDKJM, 2010 WL 314768, at *2 (E.D. Cal. Jan. 14, 2010) (finding no fraudulent joinder in case with parent-subsidiary relationship).

Viewing the facts in the light most favorable to Plaintiff and keeping in mind the presumption against removal, the Court concludes there is at the very least a possibility that Plaintiff states plausible claims against both Defendants.  Because Plaintiff and USAA are both residents of California, complete diversity does not exist.  As such, removal to this Court was improper.  The Court therefore REMANDS this action to El Dorado County Superior Court.

**IV.   CONCLUSION**

For the reasons discussed above, the Court GRANTS Plaintiff's Motion to Remand and REMANDS the case to El Dorado County Superior Court.  (ECF No. 10.)

IT IS SO ORDERED.

DATED:  February 4, 2022

Troy L. Nunley
United States District Judge